Marie MEYER, Appellant,

v.

**JOHN HANCOCK MUTUAL INSUR-
ANCE CO., Respondent.**

**Kraft, Inc., Respondent.**

**No. C1–83–474.**

Supreme Court of Minnesota.

Nov. 23, 1983.

Rehearing Denied Jan. 16, 1984.

Jeffrey O. Knutsen, Minneapolis, for appellant.

Kevin A. Spellacy, Gerald L. Hasselbrink, St. Cloud, for respondent John Hancock Mut. Ins. Co.

Thomas P. Knapp, St. Cloud, for respondent Kraft, Inc.

PETERSON, Justice.

Plaintiff, Marie Meyer, brought this action seeking benefits under a group life insurance policy, issued to defendant Kraft, Inc. (Kraft) by defendant John Hancock Mutual Insurance Company, on the grounds that her deceased husband, Walter Meyer, fulfilled all conditions set forth for eligibility under the policy. District Court Judge Paul Hoffman granted summary judgment in favor of defendants, finding that Meyer was not a "retired employee" entitled to coverage under the policy. Plaintiff appealed.

The central issue in this case is whether Meyer was a "retired employee" as defined in the Kraft booklet, entitled "Your Group Life Insurance Plan," dated January 1, 1977. "Retired Employee" is defined as "a former employee retired from active service by Kraft after attainment of age 55 and with 15 or more years of Continuous Service."

The record of Meyer's times of active employment is not in dispute. Meyer was first employed by Kraft on January 4, 1944.

He continued to work until April 14, 1946, when he was granted an authorized 1-year sick leave. When he failed to return from the sick leave, Kraft terminated his employment on April 15, 1947. Meyer was re-employed on April 1, 1948, and worked until May 20, 1962, when he was placed on layoff. There were some short term layoffs during this period, but the parties agree that they are not relevant to this dispute. On May 20, 1963, when his layoff had reached a full year, Meyer was terminated. He was again re-employed on May 12, 1964, and worked until his retirement on July 1, 1977. Excluding all interruptions in service, Meyer worked a total of slightly less than 29 years for Kraft.

The dispute centers on whether Meyer had 15 years of continuous service within the definitive language of the insurance policy. We hold that he did. The policy defines "Years of Continuous Service" as "years of 'vesting service' as defined in Kraft's pension plans in which the employee participates." The controlling definition of "vesting service" is found in the 1977 pension plan, the plan in effect at the time of Meyer's retirement. That plan defines "vesting service" as follows:

32. "Vesting Service":

(a) for a Full-time Employee

(i) for periods prior to January 1, 1976 means years and months of Service under the Plan in effect at that time but not including any Service prior to a Break in Service in that Plan and

(ii) for periods subsequent to December 31, 1975 means the years and months of Service subsequent to December 31, 1975 subject to the rules for Break in Service under this Plan

To determine whether Meyer fulfilled the eligibility requirements for life insurance benefits, his work record must be analyzed under the "vesting service" rule "for periods prior to January 1, 1976." We interpret this rule to require that the determination of whether there was a "Break in Service" be made under the pension plan in effect at the time of the particular interruption in service. Thus, the 1946–48 interruption is analyzed under the plan in effect in 1946–48. Our resolution of this case makes it unnecessary to discuss the provisions in effect in 1962–64, the time of Meyer's later interruption in service.

■ The 1941 plan, in effect in 1946–48, provided: "[I]n computing Past Service, no credit will be given for service that preceded any continuous absence of more than 12 months, except an authorized absence." The first 12 months of Meyer's absence, which began on April 14, 1946, was an authorized sick leave. Authorized absences are excepted from the operation of the 1941 rule. Meyer's unauthorized absence was for a period of 11½ months. Under the 1941 rule, then, Meyer is credited for service prior to the sick leave absence, because it was not for more than 12 unauthorized months. Meyer had over 2 years 3 months of service before the sick leave began and over 14 years of service from the time he was re-employed in 1948 until he was placed on layoff in 1962. Thus, Meyer had over 16 years 3 months of "continuous service" and satisfied the life insurance policy eligibility requirement.

■ Meyer was authorized to be absent for 12 months from April 14, 1946, to April 14, 1947. Because this period cannot be considered as part of an absence for the purpose of denying credit for prior service, Meyer satisfied the requirement of 15 years of continuous service between 1948 and 1962. He retired after he reached age 55 and thereupon became eligible for life insurance coverage. Plaintiff is therefore entitled to collect the benefits provided by the Kraft group life insurance plan.

Reversed.